IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONWAY,<br><br>        Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY; ESTATE OF RAYMOND EARL DAY; DAVID A. DAY, as Administrator of the Estate of Raymond Earl Day; UNDERWRITERS INSURANCE CO.; DENA R. THALER, creditor; DEPARTMENT OF HEALTH SERVICES, STATE OF CALIFORNIA, creditor; RACHELLE MARIE REGO, non-creditor; SHIRLEY H. VALIN, non-creditor; RON VALIN, non-creditor; and PETER QUITTMAN, attorney for administrator,<br><br>        Defendants. | No.  C 05-03726 CW<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u> AND DISMISSING COMPLAINT |

    Plaintiff James Conway requests leave to proceed <u>in forma pauperis</u> (IFP)[1] pursuant to 28 U.S.C. § 1915(a).  The Court denies Plaintiff's request and dismisses his complaint.

BACKGROUND

    Plaintiff makes the following allegations in his complaint.  Raymond Earl Day attempted to commit fraud against Plaintiff when the two entered into a contract for the sale of real property.

---

[1] Plaintiff's IFP application states that he has not been employed since 1986.  It declares that he is not married; he has no income or assets and he has $20.00 in a bank account.  Yet, Plaintiff lists $331 in monthly expenses.  Thus, Plaintiff would need to refile his IFP application to explain how he meets his expenses.

1  Plaintiff filed a civil action against Raymond Day in the Alameda
2  Superior Court of the State of California for damages and
3  injunctive relief.  Plaintiff alleged that, through their
4  contractual dealings, Raymond Day had wrongfully possessed an
5  estimated $51,000.00 of Plaintiff's money.  Before the matter came
6  to trial, Raymond Day died and his son, Defendant David Day,
7  inherited his father's property including Plaintiff's money.

8       Plaintiff filed an objection to David Day's petition to be
9  appointed administrator of his father's estate.  David Day
10 responded to the objection, stating that, under California's
11 Probate Code, Plaintiff would be given notice and an opportunity to
12 object to actions taken by the administrator.  The Alameda County
13 Superior Court appointed David Day as administrator; approved a
14 bond of $182,000.00, which was provided by Defendant Underwriters
15 Insurance Company; declared that Plaintiff was a creditor of the
16 estate; and directed David Day to give notice to Plaintiff of any
17 action taken by him.  Although they stated to the court they would
18 provide notice to Plaintiff before taking any actions under the
19 estate, neither David Day nor his attorney, Defendant Peter
20 Quittman, notified Plaintiff.

21      David Day continued to convert assets and sell property
22 without giving notice to Plaintiff and fellow Defendant creditors
23 California Department of Health and Human Services and Dena Thaler.
24 David Day did provide notice and showed favoritism to Defendant
25 non-creditors Rachelle Marie Rego, Shirley Valin and Ron Valin.
26 David Day also refused to recognize Plaintiff as a creditor of the
27 estate.
28

2

Plaintiff filed a motion to vacate the order settling the estate.  At the hearing, Peter Quittman admitted that Plaintiff was not provided notice.  The Alameda County Superior Court denied Plaintiff's motion.

## LEGAL STANDARD

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty <u>and</u> has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[2]  <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990); <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).  In the Ninth Circuit, the court grants or denies IFP status based on the plaintiff's financial resources and then independently determines whether to dismiss the complaint on the grounds that it is frivolous.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  An affidavit supporting IFP status is sufficient if it states that the plaintiff cannot, because of his poverty, pay the court costs and still provide himself and his dependents with the necessities of life.  <u>Adkins v. E.I. Du Pont de Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948).

---

[2]Section 1915(e)(2)(B) states:

> . . . the court shall dismiss the case at any time if the court determines that-
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

3

DISCUSSION

In his first and second causes of action, Plaintiff asserts that Defendants deprived him of due process under the Fifth and Fourteenth Amendments. In particular, he claims Defendants denied him notice and an opportunity to be heard concerning his property and that he was divested of his property without just compensation.

Under what is commonly known as the <u>Rooker</u>-<u>Feldman</u> doctrine, a federal district court, as a court of original jurisdiction, has no authority to review the final determinations of a State court in judicial proceedings, even when the challenge alleges that the State court's action was unconstitutional. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415 (1923); <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 891 (9th Cir. 1986). Stated somewhat differently, federal district courts may not be utilized as appellate tribunals to review errors allegedly committed by State courts. <u>See</u> <u>Turnbow v. Pacific Mut. Life Ins. Co.</u>, 934 F.2d 1100, 1103 (9th Cir. 1991); <u>Feldman</u>, 460 U.S. at 476; <u>Rooker</u>, 263 U.S. at 415. "The rationale behind this doctrine is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court." <u>Bennett v. Yoshina</u>, 140 F.3d 1218, 1223 (9th Cir. 1998), <u>cert. denied</u> <u>Citizens for a Constitutional Convention v. Yoshina</u>, 525 U.S. 1103 (1999); <u>see also</u> 28 U.S.C. § 1257.

Here, the Alameda County Superior Court rendered a final judgment concerning the estate of Raymond Day. It found that notice had been given regularly and in the manner prescribed by

4

1  law. Pl's Ex. 9 at 1-2. The court also considered Plaintiff's
2  motion to vacate its judgment. At that time, the court heard
3  Plaintiff's argument that Defendants David Day and Petter Quittman
4  denied him proper notice. Yet, the court denied Plaintiff's motion
5  to vacate. Although Plaintiff had adequate opportunity to raise
6  his constitutional claims in State court, he did not avail himself
7  of the State's appellate courts. Therefore, under the Rooker-
8  Feldman doctrine, this Court has no authority to act as an
9  appellate tribunal and review the alleged errors of the State
10 court.
11     Plaintiff also claims that certain Defendants as private
12 individuals denied him procedural due process afforded under the
13 Fifth and Fourteenth Amendments. Courts have applied the Fifth
14 Amendment due process clause to private individuals when those
15 individuals have made "use of state procedures with the overt,
16 significant assistance of state officials." Tulsa Prof'l
17 Collection Servs., Inc. v. Pope, 485 U.S. 478, 486 (1988).
18 However, the complaining party must show "a sufficiently close
19 nexus" between the private individual's action and State action.
20 Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). Additionally, "a
21 State normally can be held responsible for a private decision only
22 when it has exercised coercive power or has provided . . .
23 significant support . . . . Id. at 1004 (citations omitted).
24 Similarly, the guarantees of the Fourteenth Amendment cannot be
25 enforced against private individuals unless State action is
26 involved. Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982).
27     The Court does not find any basis for Plaintiff's claims
28

5

against Defendants as individuals.  Even considering the alleged facts in the light most favorable to Plaintiff, he cannot conceivably establish a "sufficiently close nexus" between the actions of these Defendants and the federal or State governments. Nor can Plaintiff show that federal or State actors "exercised coercive power" or provided "significant support" to the individual Defendants who allegedly deprived him of his procedural due process.  Rather, the only State actor was the Alameda County Superior Court which simply determined that Plaintiff was given proper notice as required by law.

Therefore, Plaintiff cannot state a claim and, accordingly, his complaint is dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.

Dated 11/15/05

_____
CLAUDIA WILKEN
United States District Judge

Copies mailed to counsel
as noted on the following page

6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

Conway,

      Plaintiff,

  v.

Superior Court of Alameda County et al,

      Defendant.
_____/

Case Number: CV05-03726 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Conway
1555 3rd Street, Apt. 318
Richmond, CA 94801

Dated: November 15, 2005

                                    Richard W. Wieking, Clerk
                                    By: Sheilah Cahill, Deputy Clerk